JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 01149

------------------------------------------------------------------X

KASEEM WILSON,

                      Plaintiff,

     -against-

THE CITY OF NEW YORK, SERGEANT "JOHN DOE",
DETECTIVE "JOHN DOE", and P.O.s"JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name
"John Doe" being fictitious, as the true names are presently unknown),

                      Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

RECEIVED
FEB 18 2015
U.S.D.C. S.D. N.Y.
CASHIERS

------------------------------------------------------------------X

       Plaintiff, KASEEM WILSON, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

      4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## PARTIES

5. Plaintiff is an Asian-American male and was at all relevant times a resident of the City and State of New York.

6. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

8. At all times hereinafter mentioned, the individually named defendants SERGEANT "JOHN DOE", DETECTIVE "JOHN DOE", and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

9. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

12.     On or about June 3, 2013, at approximately midnight, plaintiff KASEEM WILSON was leaving his uncle's apartment located at 101 First Avenue in the County, City, and State of New York.

13.     As plaintiff KASEEM WILSON was leaving the building he was approached by defendant police officers.

14.     Defendant police officers informed plaintiff KASEEM WILSON that there had just been a shooting in the neighborhood, and accused him of being involved with the shooting..

15.     Plaintiff KASEEM WILSON emphatically denied any involvement in any shooting.

16.     Plaintiff KASEEM WILSON was not in possession of any weapon, let alone a firearm of any kind.

17.     Plaintiff KASEEM WILSON also informed police that he had just been at his uncle's apartment at the time when the purported shooting had taken place.

18.     While speaking with defendant police officers, the officers' radio went off and plaintiff KASEEM WILSON heard an officer over the radio tell defendant police officers "we have a suspect, you can let [plaintiff] go".

19.     Defendant police officers then released plaintiff KASEEM WILSON.

20.     Plaintiff KASEEM WILSON then left the scene and walked back to his apartment located at 431 East 102nd Street.

21.     Defendant police officers then followed plaintiff KASEEM WILSON to his residence.

22. Once plaintiff KASEEM WILSON arrived within the vicinity of his apartment building, defendant police officers then approached plaintiff yet again.

23. Thereafter, defendant police sergeant JOHN DOE arrived on the scene and told the defendant police officers to "bring him in."

24. Defendant police officers then placed plaintiff KASEEM WILSON under arrest.

25. At the precinct, plaintiff KASEEM WILSON asked to speak with an attorney.

26. Defendant police officers told plaintiff KASEEM WILSON that he had to speak with a detective before speaking with an attorney.

27. While speaking with defendant detective, plaintiff again asked to speak with an attorney.

28. Defendant detective responded to plaintiff's request by stating "well if you want to play this game, we'll go downtown."

29. Plaintiff KASEEM WILSON spent approximately six (6) hours at the police precinct before being brought to central booking.

30. Plaintiff KASEEM WILSON spent approximately four (4) hours at central booking before the New York County District Attorney's Office declined to prosecute plaintiff and he was released without seeing a judge.

31. As a result of the foregoing, plaintiff KASEEM WILSON sustained, *inter alia*, , loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

34. All of the aforementioned acts deprived plaintiff KASEEM WILSON of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. As a result of defendants' aforementioned conduct, plaintiff KASEEM WILSON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

40. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" as if the same were more fully set forth at length herein.

42. Defendant Police Officers had an affirmative duty to intervene to protect the constitutional rights of plaintiff KASEEM WILSON from being violated by other police officers in their presence.

43. Defendant Police Officers violated plaintiff KASEEM WILSON's constitutional rights in the presence of their police colleagues.

44. Defendant police officers had reason to know plaintiff's constitutional rights were being violated.

45. Defendant Police Officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiff KASEEM WILSON but failed to do so.

46. Notwithstanding this opportunity, Defendant Police Officers failed to intervene to prevent the violations of plaintiff KASEEM WILSON's constitutional rights.

47. As a result of the foregoing, plaintiff KASEEM WILSON sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The aforementioned individual defendants issued legal process to place plaintiff KASEEM WILSON under arrest.

50. The aforementioned individual defendants arrest plaintiff KASEEM WILSON in order to obtain a collateral objective outside the legitimate ends of the legal process.

51. The aforementioned individual defendants acted with intent to do harm to plaintiff KASEEM WILSON, without excuse or justification.

52. As a result of the foregoing, plaintiff KASEEM WILSON sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" as if the same were more fully set forth at length herein.

54. Defendants arrested and incarcerated plaintiff KASEEM WILSON in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

55. Defendants arresting plaintiff KASEEM WILSON for the purpose of forcing him to disclose information on an unrelated matter, knowing that they had no lawful basis to place plaintiff KASEEM WILSON under arrest.

56. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff KASEEM WILSON.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KASEEM WILSON as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff KASEEM WILSON as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff KASEEM WILSON was incarcerated unlawfully.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff KASEEM WILSON.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff KASEEM WILSON's constitutional rights.

64. All of the foregoing acts by defendants deprived plaintiff KASEEM WILSON of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from unwarranted and malicious criminal prosecution;

  D. Not to have cruel and unusual punishment imposed upon him; and

  E. To receive equal protection under the law.

**WHEREFORE**, plaintiff KASEEM WILSON demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
   January 13, 2015

BY: _____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KASEEM WILSON,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                              Defendants.

---

## SUMMONS AND COMPLAINT

---

**JON L. NORINSBERG**
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212) 791-5396

---

Signature (Rule 130-1.1a)

Print Name Beneath

To
Attorney(s) for    Defendants

---

Service of a copy of the within is hereby admitted.            Dated

Attorney(s) for

---

PLEASE TAKE NOTICE

☐    NOTICE OF ENTRY

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on          20

☐    NOTICE OF SETTLEMENT

that an order                            of which the within is a true copy
will be presented for settlement to the HON.         one of the judges of the
within named Court, at
on                20        at

Dated,                                                                Yours, etc.